IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JORDAN ALEXANDER JONES, et al., | § § | |
| Plaintiffs, | § § | |
| | § | |
| v. | § | No. 3:26-CV-1135-E-BW |
| | § | |
| MICHAEL ANTHONY JONES, SR., et al., | § § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs' Original Petition, received on April 7, 2026. (Dkt. No. 3.)  Based on the relevant filings and applicable law, the Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

## I.  BACKGROUND

Plaintiffs Jordan Jones and Holland Jones, residents of Dallas County, Texas, filed a complaint against Defendants Michael Anthony Jones, Sr., a resident of Manor, Texas, Michael X. Jones, a resident of Illinois, and the Texas Board of Pardons and Paroles.[2]  (*See id.* at 1.)  Plaintiffs sue the various Defendants "under Texas law" for (1) "Defamation/False Accusation," (2) "Intentional Infliction of

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred to the undersigned magistrate judge for full case management.  (*See* Dkt. No. 1.)

[2] Plaintiffs also have filed applications to proceed in forma pauperis in this case and notices that they intend to pay the filing fee in mid-May 2026.  (*See id.* at 3; Dkt. Nos. 6, 8-10.)  Notwithstanding Plaintiffs' current unpaid filing fee status, the administration of justice is better served in this instance by addressing the Court's jurisdiction in this action.

Emotional Distress," (3) "Harassment/Interference with Rights," and

(4) "Negligence/Failure to Notify."  (*Id.* at 1-3.)  They seek actual and exemplary

damages, court costs, and attorney's fees.  (*See id.* at 3.)

## II.  ANALYSIS

"Federal courts are courts of limited jurisdiction.  They possess only that

power authorized by Constitution and statute, which is not to be expanded by

judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

(internal citations omitted).  A court should always examine, sua sponte if necessary,

the threshold question of whether it has subject matter jurisdiction.  *See The Lamar*

*Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020).

Unless otherwise provided by statute, federal subject matter jurisdiction

requires: (1) an action "arising under the Constitution, laws, or treaties of the United

States," also known as federal question jurisdiction; or (2) complete diversity of

citizenship between adverse parties combined with an amount in controversy

exceeding $75,000, also known as diversity jurisdiction.  28 U.S.C. § 1331, § 1332.

The party seeking a federal forum bears the burden of establishing that subject matter

jurisdiction exists.  *See Willoughby v. United States ex rel. United States Dep't of the Army*,

730 F.3d 476, 479 (5th Cir. 2013).

Federal question jurisdiction "exists only [in] those cases in which a well-

pleaded complaint establishes either that federal law creates the cause of action or

that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law."  *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir.

2008) (internal quotation marks omitted).  A federal statute or rule need not be cited by name to establish jurisdiction, but the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks omitted).  Even if a plaintiff alleges a claim created by or implicating a substantial question of federal law, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.'" *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Regarding diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000.  *See* 28 U.S.C. § 1332(a).  The party asserting jurisdiction must "distinctly and affirmatively allege[ ]" the basis for diversity jurisdiction, and the failure to do so "mandates dismissal."  *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (internal quotation marks omitted).

The Court must liberally construe pleadings filed by pro se litigants, such as Plaintiffs.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that pro se pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers").  Liberally construing Plaintiffs' complaint with all

3

deference due a pro se litigant, their causes of action and alleged facts are insufficient to establish federal question or diversity jurisdiction.

Here, Plaintiffs expressly state that their "causes of action arise under Texas law." (Dkt. No. 3 at 1.) They do not reference any federal law, statute, or legal principal in their complaint, and they do not make any factual allegations from which the Court could reasonably infer a federal cause of action. Plaintiffs therefore fail to establish federal question jurisdiction.

Plaintiffs' complaint on its face also defeats subject matter jurisdiction on the basis of diversity jurisdiction because it indicates that Plaintiffs share the same state of citizenship with two of the three named Defendants. (*See id.*); *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (stating that a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). Plaintiffs also fail to establish diversity jurisdiction as they do not distinctly and affirmatively allege an amount in controversy that exceeds $75,000, and there is no basis from which the Court could reasonably infer such an amount.

Further, because the complaint fails to present an adequate basis for federal question jurisdiction and diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims that Plaintiffs may assert. *See* 28 U.S.C. § 1367(a).

### III.  LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed."  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).  Court need not grant leave to amend, however, "if the plaintiff has already pleaded his 'best case.'"  *Id.* at 768.  For the reasons explained by the Court, the facts as alleged by Plaintiffs demonstrate a lack of subject matter jurisdiction that does not appear to be curable by amendment.  Even so, after previously notifying Plaintiffs that their complaint did not establish federal subject matter jurisdiction, the Court provided Plaintiffs with an opportunity to file an amended complaint establishing subject matter jurisdiction by April 30, 2026.  (*See* Dkt. No. 4.)  That deadline expired, and Plaintiffs chose not to file an amended complaint.  Granting further leave to amend therefore is not warranted and would cause needless delay.

### IV.  RECOMMENDATION

The Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on May 7, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).